UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

DANELLA COMPANIES, INC., a
foreign corporation, as subrogee and
assignee of Mathew Lewis, an individual

    Plaintiffs,

vs.

LIBERTY SURPLUS INSURANCE
CORP., a foreign corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, DANELLA Companies Inc., as subrogee and assignee of Matthew Lewis ("DANELLA") files this Complaint against Defendant, LIBERTY SURPLUS INSURANCE CORP. ("LIBERTY"), and states as follows:

### PARTIES

1. DANELLA COMPANIES INC. is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania, with offices throughout Florida.

2. LIBERTY SURPLUS INSURANCE CORP. is a foreign corporation with its principal place of business in the State of Massachusetts and is doing business in the State of Florida. Liberty may be served with process by serving its registered agent, Chief Financial Officer, 200 E. Gaines St., Tallahassee, FL 32399-0000 and Dexter R. Legg, Secretary, Liberty Surplus Insurance Corporation, 175 Berkeley Street, Boston, MA 02117.

## JURISDICTION

3. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §2201 to determine whether there is coverage under a policy of insurance; and §1332(a), as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because Liberty engages in the business of insurance throughout the state of Florida and the Plaintiff has offices in this district.

## FACTS GIVING RISE TO CONTROVERSY

5. Liberty provided commercial general liability ("CGL") insurance to DYNAMICS ALLIANCE ("DYNAMICS" or subcontractor). DYNAMICS and DANELLA entered into a subcontract to perform work in Orlando Florida. **See Exhibit "A.**

6. The Subcontract required DYNAMICS to maintain a commercial general liability insurance policy, and further provided at Page 19 of 20:

> (b) All insurance policies required to be maintained by [DYNAMICS] shall (i) be written to insure losses on an "occurrence basis," (ii) be primary and non-contributory to any insurance otherwise carried by [DANELLA] or Customer, …
>
> (c) [DANELLA], and Customer, and any owner, mortgage, ground lessee, or other party with an interest in the Project, and each of their affiliates, officers, directors, employees, and agents, shall be named as an additional insured on all liability insurance policies required hereunder, with the exception of worker's compensation, employers liability insurance, and automobile liability.

7. DYNAMICS ALLIANCE, LLC hired Matthew Lewis, to work on one of DANELLA'S job sites located in Orlando, Florida. Mr. Lewis was injured during the course and scope of his employment on or about February 7, 2007.

2

8. Prior to February 7, 2007 DYNAMICS and its insurance broker, Lockton Companies, represented that DYNAMICS had valid and enforceable workers compensation insurance to cover all of its employees working on the Orlando, Florida job site. **See Exhibit "B".**

9. When Mr. Lewis and, subsequently DANELLA, submitted a claim for workers compensation benefits, it was discovered DYNAMICS, through inadvertence or negligence, allegedly did not have valid workers compensation coverage to cover Mr. Lewis in Florida. **See Exhibit "C".**

10. Because of DYNAMICS negligence and inadvertence in failing to provide worker's compensation coverage, DANELLA, was required to provide benefits to Mr. Lewis. As of December 2010, DANELLA has expended in excess of $300,000 for medical benefits and wages, which are continuing in nature.

11. DANELLA, as an additional insured; pursuant to liability assumed in the subcontract; and as Mr. Lewis' subrogee and assignee, is afforded coverage under the above referenced Liberty policy and Employee Benefits Liability Endorsement. The above referenced policy and endorsement for Employee Benefits Coverage, which *expressly includes workers compensation benefits*, provides coverage in the amount of $1,000,000.

12. Here, one of DYNAMICS' principals, acting as DYNAMICS' authorized person, provided its insurance agent LOCKTON and Liberty with all required information including required insurance coverage and limits; applications; questionnaires; contracts; applicable job sites locations, etc., to obtain workers compensation coverage for all of its existing jobs in various states, specifically including Florida.

13. Liberty Surplus Insurance and/or Liberty Northwest or another affiliated company issued workers compensation insurance, which allegedly covered DYNAMICS' employees and workers. Unfortunately, through improper advice, error or omission on the part of DYNAMIC'S principal, DYNAMICS' authorized person failed to catch the error and omission that the workers compensation coverage allegedly did not apply in Orlando, Florida to Mr. Lewis. Liberty Northwest, Liberty, Lockton, and Liberty's broker, Am Wins, were placed on notice of Mr. Lewis' injuries and claim shortly after the accident.

14. Accordingly, even though Mr. Lewis was advised he was covered by workers compensation insurance, even though, on information and belief, DYNAMICS withheld deductions from his paychecks, and even though DYNAMICS and Lockton advised DANELLA that DYNAMICS had valid workers compensation insurance to cover the employees working at the Orlando job site, there was apparently no such insurance coverage.

15. This material mistake, error, omission in the "administration", as that term is defined in the Policy and interpreted under Florida law, of this employee benefit program, has resulted in injury, damages and losses to Mr. Lewis, an employee, and DANELLA'S rights and interests, both as an additional insured as well as Mr. Lewis' subrogee/assignee.

### The Commercial General Liability Coverages Under the Policy

16. DYNAMICS obtained commercial general liability insurance policy number DGL – BO-184144-016, effective 05/30/2006 to 05/30/2007, from Liberty ("Liberty policy"). **See Exhibit "D"**. DANELLA is an additional insured on, and is entitled to coverage under the Liberty Policy's additional insured endorsement, that provides in relevant part as follows:

> **A.** **Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom you [DYNAMICS] have agreed to add as an additional insured by written contract but

4

>only with respect to liability arising out of your [DYNAMICS] operations or premises owned by or rented to you.

17. The coverage provided to DANELLA as an additional insured under the Liberty policy is primary to the coverage provided under any other policy, pursuant to the terms of the Subcontract, and the Liberty policy.

18. The above referenced policy and endorsement for Employee Benefits Coverage, which *expressly includes workers compensation benefits*, provides coverage in the amount of $1,000,000. Pursuant to this coverage, which states in pertinent part:

>We will pay those sums which the insured becomes legally obligated to pay as damages because of injury to the rights or interests of employees or their beneficiaries in "employee benefits programs" caused by any improper advice, error [or] omission in the "administration" of such programs by persons authorized by the insured."

19. "Administration" is defined in the policy as meaning:

>(1) The determination of the eligibility of employees to participate in "employee benefits programs;"
>
>(2) The enrollment of employees in those programs;
>
>(3) the keeping of records as to those programs;
>
>(4) interpreting of the provisions of those programs; and
>
>(5) the giving of advice or counsel to employees or their beneficiaries as their rights or interests in those programs.

The Policy defines 'Employee Benefits Programs' to include **workers compensation**, unemployment insurance and social security. *See* paragraph B. (8), page 3 of 3, form ES 2054 RI 10 95 (Emphasis supplied). See Policy Endorsement excerpt annexed as **Exhibit "E"**.

20. DANELLA filed suit against DYNAMICS in the lawsuit styled <u>Danella Companies, Inc v. Dynamics Alliance, LLC and Lockton Companies, LLC</u>, Case no CACE 07-027426 (11). DYNAMICS failed or refused to defend itself.

5

21. DANELLA provided Liberty and it employees and agents with notice of the claim and underlying lawsuit and also demanded indemnification as an additional insured and coverage and reimbursement pursuant to the Employee Benefits Liability Endorsement. Liberty failed to comply with Florida Statute because it did not issue timely a denial or reservation of rights. Liberty eventually denied the claim on the ground the policy and the Employee Benefits Liability Endorsement did not cover workers compensation and denied DANELLA's demand for indemnification. *See* **Exhibit "F"** annexed hereto.

22. Despite its contractual obligation to indemnify DANELLA for Mr. Lewis' workers compensation medical and indemnity benefits, Liberty has failed and refused to indemnify DANELLA for any portion of the payments, which is a breach of the policy.

23. DANELLA is subrogated to any and all rights Mr. Lewis has against any third party related to or arising out of the facts made the basis of the Underlying Lawsuit.

24. All conditions precedent to maintaining the instant lawsuit have been performed, excused or waived.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

25  DANELLA realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. This is an action for declaratory judgment pursuant to the Florida declaratory judgment statutes, F.S.A. §86.011, *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

27. An actual controversy of a judicial nature exists between DANELLA and Liberty regarding Liberty's obligation to provide coverage and to indemnify/reimburse Mr. Lewis or DANELLA for DYNAMIC'S negligence caused by improper advice, error [or] omission in the

"administration" of the worker's compensation benefits program by persons authorized by the insured. The resolution of this controversy is dependent upon an analysis of the insurance policy issued by Liberty that provides additional insured coverage to DANELLA; coverage for negligent administration of DYNAMIC'S worker's compensation benefits program; and coverage for bodily injury assumed in an insured contract.

28.     The payment and reimbursement to Mr. Lewis and DANELLA is within the scope of coverage of the Liberty policy and DANELLA and Mr. Lewis have complied with the conditions precedent under that policy. Further, coverage under the Liberty policy is primary and non-contributory to that provided under DANELLA'S policy.

29.     DANELLA also Despite the fact that Dynamic's negligence in the administration of its worker's compensation benefits program constituted damages within the scope of coverage of the Liberty policy, Liberty failed and refused to provide coverage or to indemnify/reimburse DANELLA or Mr. Lewis. As a result, DANELLA was forced to incur in excess of $300,000.00 to date for Mr. Lewis' work related claim and has been damaged in an amount in excess of $300,000.00. DANELLA also has been damaged in the amount of its attorneys' fees and costs incurred in the underlying lawsuit and in this action.

30.     DANELLA seeks the declaration of this Court that Liberty owed a duty to DANELLA as an additional insured for the payment of Mr. Lewis' worker's compensation benefits. DANELLA and Mr. Lewis also seek a declaration that the coverage provided under the Liberty policy is primary and non-contributory to the coverage provided under DANELLA'S policy.

31.     DANELLA also seeks a declaration that Liberty is obligated pay/reimburse DANELLA and Mr. Lewis for the $300,000.00 in medical benefits and lost wages that

DANELLA was forced to pay as a result of DYNAMIC'S improper advice, error [or] omission in the "administration" of its workers compensation benefits program. That Liberty's policy provides coverage for bodily injury and other damages assumed by DYNAMICS under its contract with DANELLA. In addition, DANELLA seeks a declaration that Liberty is obligated to pay DANELLA'S attorneys' fees and costs incurred in the Underlying Lawsuit as well as this action, pursuant to contract, Florida Statutes §627.428, and other applicable statutes or rules.

WHEREFORE, DANELLA requests the Court grant it the following relief:

(1)  A declaration by this Court that Liberty owed a duty to DANELLA as an additional insured;

(2)  A declaration by this Court that Liberty owes a duty to DANELLA and Mr. Lewis to provide coverage under the Employee Benefits Liability Endorsement under the Liberty policy, and such coverage is primary and non-contributory to the coverage provided under DANELLA'S policy, and that Liberty is obligated to pay and reimburse DANELLA and Mr. Lewis for the $300,000.00 that DANELLA has already paid in employment benefits to Mr. Lewis or on his behalf, plus any additional damages incurred;

(3)  A declaration by this Court that Liberty's policy provides coverage to Mr. Lewis and DANELLA pursuant to the liability assumed by DYNAMICS under a written contract, and that Liberty is obligated to pay and reimburse DANELLA and Mr. Lewis for the $300,000.00 that DANELLA has already paid in damages and/or benefits to Mr. Lewis or on his behalf, plus any additional damages incurred;

(4)  Judgment against Liberty for the amount of any damages and/or paid by DANELLA to date to Mr. Lewis, plus any future payments, plus pre- and post judgment interest at the highest lawful rate;

(5)     Judgment that DANELLA is entitled to recover its costs and expenses, including attorneys fees, in bringing this lawsuit; and

(6)     Such other and further relief that the Court deems just and equitable under the circumstances.

DATED:  February 7, 2011
        Palm Beach Gardens, FL     Respectfully Submitted,


                                   /S/   Stephen A. Smith
                                   Stephen A. Smith, Esq.
                                   Florida Bar No. 0488194
                                   E-Mail: ssmith@pallolaw.com
                                   Pallo, Marks, Hernandez, Gechijian & DeMay, P.A.
                                   4100 RCA Blvd., Suite 100
                                   Palm Beach Gardens, FL 33410
                                   Tel. No. (561) 624-1051
                                   Fax No. (561) 624-7441